

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| AGCS MARINE INSURANCE COMPANY<br>as subrogee of its insured,<br>Steam Logistics, LLC. | **PLAINTIFF** |
| vs. | CAUSE NO.: 1-25-cv-54<br>**JURY DEMAND** |
| MENA LOGISTICS, LLC | **DEFENDANT** |

## COMPLAINT

Plaintiff, the AGCS Marine Insurance Company as subrogee of its insured, Steam Logistics, LLC, brings this cause of action against the Defendant, Mena Logistics, LLC and in support thereof, would show unto the Court the following:

### THE PARTIES

1. AGCS Marine Insurance Company is an Illinois corporation having its principal place of business at Chicago, Illinois. Plaintiff brings this action as subrogee of its insured, Steam Logistics, LLC.

2. Defendant Mena Logistics, LLC is a Texas limited liability company headquartered at 2501 W MILITARY HWY UNIT E6-E7, MCALLEN, TX 78503 which may be served with process through its registered agent Cesar Alejandro Mena, with the address of 2501 W MILITARY HWY UNIT E6-E7, MCALLEN, TX 78503. At all material times herein, acted as a common, interstate motor carrier within the meaning of the Carmack Amendment, 49 U.S.C. §14706.

## JURISDICTION AND VENUE

3. This is an action for cargo damage against a common, interstate motor carrier. The action arises under the Carmack Amendment, 49 U.S.C. §14706, a statute of the United States regulating commerce. The matter in controversy exceeds $10,000 for each receipt or bill of lading at issue. This court accordingly has original jurisdiction of this action under 28 U.S.C. §1331 and 28 U.S.C. §1337.

4. The cargo which is the subject of this action was to be delivered in Middlesex, Pennsylvania and transported to San Antonio, Texas.

5. The Broker-Carrier Agreement provides:

> 29. CHOICE OF LAW AND JURISDICTION. This Agreement and the rights or obligations of the Parties are hereby governed by the laws of the state of Tennessee, to the extent not inconsistent with applicable federal laws, without regard to any conflict of laws principles. The Parties irrevocably submit to the exclusive jurisdiction of the state and federal courts sitting in Hamilton County, Tennessee. Each Party hereby irrevocably waives any objection which it may now or hereafter have to the laying of venue of any suit, action, or proceeding relating to this Agreement, and further irrevocably waives any claim that such venue is not a convenient forum for any such suit, action, or proceeding. ...

6. This Court has subject matter jurisdiction with respect to the claims set forth herein pursuant to 49 U.S.C. § 14706, whereby the matter of the litigation is an interstate cargo claim and the amount in controversy exceeds applicable jurisdiction limit.

## FACTS

7. Dairy Farmers of America retained Steam Logistics to broker the transport of cargo from West Middlesex, Pennsylvania to San Antonio, Texas.

8. Steam Logistics entered into and maintained a Broker-Carrier Agreement

dated August 20, 2021, with Mena Logistics, LLC attached and incorporated herein as **Exhibit A.**

9. Pursuant to its Broker-Carrier Agreement, Steam Logistics retained Mena Logistics, LLC to transport Dairy Farmers of America's cargo from West Middlesex, Pennsylvania to San Antonio, Texas.

10. On or about May 27, 2022, at the premises of Dairy Farmers of America in West Middlesex, Pennsylvania, Mena Logistics, on behalf of Steam Logistics, received for transportation a consignment of cheese requiring a maintained refrigeration temperature of 28° - 40° and otherwise in good order and condition.

11. A bill of lading was issued for consignment and incorporated herein as **Exhibit B.**

12. Mena Logistics received and acknowledged receipt of said consignment at the required temperature range and contractually undertook to transport by road the cargo to the premises of the consignee at San Antonio, Texas in a refrigerated trailer and to do so at a temperature not to exceed 40º F.

13. On or about May 30, 2022, Steam Logistics, LLC attempted to deliver the consignment to the consignee at San Antonio, Texas. At the time of the attempted delivery, the cargo's temperature was 60º F, exceeding the exceeding the required temperate range of 28° - 40° and, as a result, the delivery was refused and rejected by the consignee rendering the consignment unmerchantable and thus worthless. A copy of the rejected Bill of Lading is attached hereto as and incorporated herein as **Exhibit C.**

14. The rejected cargo had a market value of $84,068.17 and had to be destroyed.

15. Defendant, Mena Logistics, LLC, breached its duty to deliver the freight in good and marketable condition and in accordance with the temperature requirements and obligations contained in the Broker-Carrier Agreement.

16. Pursuant to a policy of insurance, Plaintiff indemnified Steam Logistics for the loss and paid Dairy Farmers of America on its behalf to total amount of $84,068.17 and is therefore entitled to recover that amount from defendant.

17. Plaintiff requests a jury trial.

WHEREFORE, Plaintiff prays for judgment against Defendant in the amount of $84,068.17 plus pre-judgment interest and costs, attorney fees, and for such other relief as is just, fair and equitable.

Respectfully submitted, this the 10 day of February, 2025.

**AGCS MARINE INSURANCE COMPANY
as subrogee of its insured,
Steam Logistics, LLC**

BY: _____
JONATHAN S. MASTERS (TNB 027733)

OF COUNSEL:

Holcomb Law Group
400 Enterprise Drive
Post Office Drawer 707
Oxford, Mississippi 38655
TEL: (662)234-8775
FAX: (662)238-7552